UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M. DUNAGAN,<br><br>              Plaintiff,<br><br>     v.<br><br>T. BURRISE,<br><br>              Defendant. | No.  2:22-cv-1544 DJC CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  On March 2, 2023, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a).  Under that statute the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. The court dismissed plaintiff's complaint for failure to state a claim with leave to amend. Plaintiff has filed an amended complaint which the court now screens.

Plaintiff's amended complaint is similar to the original.  Plaintiff alleges that he was subject to prisoner disciplinary proceedings where it was alleged that he spit on defendant, a psychiatric technician at the California Health Care Facility.  At the hearing, plaintiff presented

evidence in his own defense and was found not guilty. After the hearing, plaintiff claims defendant "attempted to physically attack" plaintiff and then spat on plaintiff "making contact with [plaintiff's] bare skin." Defendant also said, "these bitch ass correctional officers always let you get away with everything" and told plaintiff she had "HIV" so he "better get checked out."

Plaintiff asserts he has a claim for "retaliation" arising under the Fourteenth Amendment and a claim under the Eighth Amendment. Plaintiff has no claim under the Fourteenth Amendment as he fails to allege facts suggesting he was denied some sort of process he was due under federal law or that he was somehow denied equal protection of the law.

As plaintiff already knows, a single instance of a correctional officer spitting on an inmate does not amount to cruel and unusual punishment under the Eighth Amendment. DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988); Zavala v. Barnik, 545 F. Supp. 2d 1051, 1059 (C.D. Cal. 2008). The fact that defendant told plaintiff that she has "HIV" does not save plaintiff's claim since there is no allegation that defendant did have HIV or that there was any possibility that defendant's actions could have transmitted HIV to plaintiff if she did have it. The court considers defendant's assertion that she had HIV akin to a naked threat and mere threats do not amount to cruel and unusual punishment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). While plaintiff has alleged defendant intended plaintiff harm, plaintiff has not alleged he has suffered harm actionable under the Eighth Amendment.

Plaintiff does not attempt to assert claims arising under California law for torts such as assault, battery or intentional infliction of emotional distress and the court expresses no opinion as to whether plaintiff may have such claims. He cannot proceed on those claims here as the court does not have jurisdiction. 28 U.S.C. § 1330 et seq. Even if the court had jurisdiction, plaintiff has not pled compliance with the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

In light of the foregoing, the plaintiff's amended complaint must be dismissed. Because it does not appear that plaintiff can, in good faith, state a claim upon which he might proceed in a second amended complaint, the court will recommend that this action be dismissed.

/////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
duna1544.14(2)